**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**WATKINS LUDLAM WINTER & STENNIS, P.A.**                              **PLAINTIFF**

**V.**                                                    **CAUSE NO. 3:10-CV-00656-CWR-LRA**

**DYNASTEEL CORP.**                                                    **DEFENDANT**

**ORDER DENYING MOTION TO SET ASIDE ENTRY OF DEFAULT**

The above-styled cause is before the Court on the Motion of DynaSteel Corporation to Vacate or Set Aside Entry of Default Due to Mistake, Inadvertence, Surprise or Excusable Neglect [Docket No. 7]. After due consideration of the parties' briefs on the subject, the Court finds that the motion should be denied.

DynaSteel Corporation (hereinafter "DynaSteel") is a Tennessee corporation with its principal place of business in Memphis. The company employs a registered agent for service of process in Natchez, Mississippi. DynaSteel's Memorandum [Docket No. 8] at 3.

According to the Complaint filed in this case, DynaSteel retained the services of law firm Watkins Ludlam Winter & Stennis, P.A. (hereinafter "Watkins Ludlam"), for legal counsel during a contract dispute in United States District Court for the Eastern District of Missouri in 2008. Complaint [Docket No. 1] at 2. Watkins Ludlam alleges that, as a trial approached, DynaSteel fell far behind in its financial obligations to the law firm. Eventually, according to Watkins Ludlam, DynaSteel failed to honor a promise to pay down its debt, and the law firm withdrew from representation. Complaint at 4-6.[1]

---

[1] Before leaving DynaSteel to fight its battle alone, Watkins Ludlam sought permission from the trial court which held a hearing on the request. Complaint at 6. After finding that Watkins Ludlam complied with certain conditions the trial judge "unconditionally grant[ed]

1

In a detailed letter addressed to DynaSteel's CFO, Ronny Russell, dated September 21, 2010, Watkins Ludlam reminded DynaSteel of the "valuable legal services" it provided to the defendant and demanded all monies due dating back to December 14, 2009. "[N]ot only [had Watkins Ludlam] invested a significant of time representing DynaSteel's interests in the case, it advanced a considerable amount of expenses on behalf of [the defendant], which [were] never reimbursed." Exhibit 3 to Complaint [Docket No. 1-4]. Watkins Ludlam closed the letter with advice and a promise:

> This letter is to formally advise you that *WLWS intends to initiate litigation* in a court of competent jurisdiction to collect these amounts owed, unless payment in full is made within ten (10) days of the date of this letter, or unless alternative arrangements are made. Should you wish to discuss this matter, you may feel free to contact me at the number listed above . . . If you fail to respond, *WLWS plans to file suit without further notice. Please govern your actions accordingly*.

*Id.*[2] (emphasis added).

On November 12, 2010, Watkins Ludlam filed suit against DynaSteel in the Southern District of Mississippi on the basis of breach of contract and related claims. According to Watkins Ludlam, its losses are no less than $244,321.46. Complaint at 8. The summons was issued to DynaSteel Corporation Ronald W. Russell, Secretary Treasurer and delivered via certified mail, restricted delivery and received by a Libby Hudman [Docket No. 3]. The summons returned executed on November 22, 2010 [Docket No. 3], but DynaSteel never submitted an answer.

---

counsel leave to withdraw from the case." Exhibit 2 to Complaint [Docket No. 1-3].

[2] It is also important to note that the September letter followed telephone conversations and e-mails between Watkins Ludlam and Ronald W. "Ronny" Russell, the primary contact at Defendant and the person in charge of coordinating the company's "internal litigation efforts." Complaint at 4.

On December 16, 2010, three days after the expiration of DynaSteel's 21-day deadline to answer, *see* Fed. R. Civ. P. 12(a)(1)(A)(I), Watkins Ludlam moved for an entry of default [Docket No. 4], and the clerk made such an entry [Docket No. 5] that same day.

Not until January 18, 2011, did DynaSteel first move earth in this case. On that day, attorney C. Phillip Buffington, Jr., noticed his appearance [Docket No. 6] on behalf of the defense, and the next day, he moved the Court [Docket No. 7] on his client's behalf to set aside the default. In that motion, DynaSteel avers that its "delinquency in filing a responsive pleading is due to excusable neglect in that DynaSteel was engaged in activities to locate and employ local counsel to represent it in this matter." Def. Memo at 4.

Defaults and default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure. Motions to set aside entries of default arise under Section C, which simply reads, "The court *may* set aside an entry of default for good cause . . . " (emphasis added).

The Fifth Circuit has provided more specific guidance. Default judgments "are generally disfavored in law and thus should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (*quoting Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). Toward the goal of separating the defaulted wheat from its chaff, the Fifth Circuit has enunciated three factors by which district courts considering the question of good cause should be guided: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Lacy*, 227 F.3d at 292. But even this set of factors is not exhaustive. "These factors are not talismanic, and we will consider others. The ultimate inquiry remains whether the defendant shows good cause to set

aside the default. The district court need not consider all of these factors." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (quotations omitted). *See also Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (Barksdale, J.) (the three factors "are to be regarded simply as a means to identify good cause," and "[o]ther factors may be considered").

In the case at bar, one of these questions above all others – the existence *vel non* of a meritorious defense – compels this Court to deny DynaSteel's request. The motion to set aside the entry of default asserts that "DynaSteel has a colorable defense to the merits of Watkins Ludlam's complaint." Def. Memo. at 2. But as Watkins Ludlam correctly points out, claiming the existence of a meritorious defense is a far cry from actually offering one. *See* Pl. Memo at 3. *See also Lacy*, 227 F.3d at 292 ("whether a meritorious defense *is presented*.").

In rebuttal, DynaSteel insists that its recent efforts have been devoted solely to attacking the entry of default and that its failure to offer a defense rests in its decision to forgo an answer until the issue of the default has been addressed. Def. Reply at 4. This omission, according to DynaSteel, is, at worst, a neutral consideration weighing in neither party's favor, and DynaSteel urges this Court to rely instead on other factors used by the Fifth Circuit to review motions such as this.

For support, DynaSteel relies on the decision of the Northern District of Mississippi in *Hampton v. Tunica County Board of Supervisors*, 2009 WL 1116298 (N.D. Miss. 2009). There the district judge declined to consider the absence of a meritorious defense because the movant, in fact, had not yet offered a defense. *Id.* at *2 ("The Court is unable to consider this factor as the scheduling order will establish the deadline for Defendants to answer. As such the Court

considers the factor to be neutral.").

But a review of Fifth Circuit precedent does not reveal any case in which that Court has permitted assignment of "neutral" weight on this factor; the *Hampton* decision on this subject never faced appellate scrutiny, as the case's docket reveals that the plaintiff voluntarily dismissed the case in August 2009.

And a recent Fifth Circuit decision strongly suggests that DynaSteel's contention has no merit. In *Jefferson v. Louisiana Department of Public Safety and Corrections*, 2010 WL 4608795 (5th Cir. 2010), the Fifth Circuit affirmed the setting aside of a default entry after the district court reviewed that defendant's proposed answer and identified a meritorious defense. The plaintiff argued before the Fifth Circuit that Rule 55(c) did not permit a defaulting party to submit a "proposed answer" and that any defenses presented therein, meritorious or otherwise, should not have been considered by the district court. The Fifth Circuit rejected that argument. *Jefferson*, 2010 WL 4608795 at *1. Presumably, if the procedural untimeliness of an answer precluded the discussion of meritorious defenses, then the Fifth Circuit would have said so. Instead, the *Jefferson* decision more reasonably suggests that any meritorious defenses can be – and must be – submitted in support of a motion to set aside an entry of default, whether in a proposed answer or otherwise. This DynaSteel has failed to do.

In its motion to set aside, DynaSteel argues that Watkins Ludlam improperly served process by serving a corporate officer in Tennessee via certified mail rather than the company's registered agent in Mississippi.[3] DynaSteel also contends that venue is improper in the Southern

---

[3] It bears noting that Watkins Ludlam directed the summons and Complaint to Ronald W. Russell, the Secretary Treasurer of DynaSteel and the official to whom all pleas of payment had been directed. See *supra* at 2. Surely DynaSteel's employees know how to process and handle

5

District of Mississippi.

But as Watkins Ludlam rightly points out, neither position vindicates DynaSteel. Rule 4(e) of the Federal Rules of Civil Procedure permits service "pursuant to the law of the state in which the district court is located," and the Fifth Circuit has held via *Erie* guess that Mississippi Rule of Civil Procedure 4(c)(5) permits service on an out-of-state agent even if the defendant employs an in-state registered agent. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 941 (5th Cir. 1999). Also, "if a party defaults by failing to appear or file a timely responsive pleading, the party waives defects in venue." *Id.* at 942 (citing *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)).

Aside from these easily dispensable arguments, DynaSteel offers no hint of a legal leg on which it hopes to stand; it merely promises that it has a case to present. That assurance is not compelling, and this Court is satisfied that DynaSteel has not offered a meritorious defense.

In addition to the lack of a meritorious defense, the Court is guided to its decision by the fact that DynaSteel is no mere newcomer to major litigation. Even the briefest of research efforts reveals that it is instead a sophisticated party with some 20 years of litigation experience from the Fifth Circuit Court of Appeals to the Mississippi Supreme Court. *See DynaSteel Corp. v. N.L.R.B.*, 476 F.3d 253 (5th Cir. 2007); *DynaSteel Corp. v. Aztec Indus., Inc.*, 611 So. 2d 977 (Miss. 1992). One would strain even the readiest sense of credulity to suggest that DynaSteel did not understand the importance of retaining legal counsel immediately to address Watkins Ludlam's Complaint. The averments before the Court demonstrate instead that DynaSteel simply went about its daily business in either open defiance or willful ignorance of the deadline hanging

---

the mail. Moreover, Russell could not be surprised that a lawsuit was on its way. *Id*.

over its head. The Federal Rules of Civil Procedure exist to promote order and predictability in litigation, and they – like this Court – do not wait for the moment at which a party at last is good and ready. Given its years of experience in the arenas of litigation, DynaSteel could not have been ignorant to this fact.

It is true that defaults should not carry the day simply because "the defendant ha[s] failed to meet a procedural time requirement." *Lacy*, 227 F.3d at 292. But ultimately, the factors used by the Fifth Circuit to evaluate questions like that now addressing this Court are guides for evaluating whether, but for the defendant's default, a meaningful case awaits adjudication. Aside from its promise alone, DynaSteel has offered no indication that the case at bar presents such a possibility.

The Motion of DynaSteel Corporation to Vacate or Set Aside Entry of Default Due to Mistake, Inadvertence, Surprise or Excusable Neglect presents none of the reasons detailed in its styling. Therefore, and for the reasons heretofore explained, the motion is denied.

SO ORDERED this Seventeenth day of March 2011,

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves United States District Court Judge